UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAIXON JOSE RAMIREZ TESARA,<br><br>                    Petitioner(s),<br>    v.<br><br>JULIO HERNANDEZ, et al.,<br><br>                    Respondent(s). | CASE NO. C25-1723-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S FEE PETITION |

The Court granted Petitioner's petition for writ of habeas corpus, and Petitioner now requests fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 35. The Federal Respondents (hereinafter "the Government") oppose the request for fees, arguing that fees are entirely inappropriate because the Government's position was substantially justified, and that even if the Court disagrees with that contention, the fees requested are unreasonably high. Dkt. No. 37. The Court will largely grant the fee petition, finding that the Government's underlying action was not substantially justified and the fees requested, with minor exception, are appropriate.

## I.    BACKGROUND

Petitioner is an asylum seeker who arrived in the United States after fleeing Venezuela in January 2024. Dkt. No. 3-1. After a brief detention, Petitioner was released on humanitarian parole, as authorized under Section 212(d)(5)(A) of the INA. Dkt. No. 3-4. Petitioner's parole

ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S FEE PETITION - 1

was valid for one year and set to automatically terminate unless otherwise suspended, and conditioned upon his compliance with release conditions. *Id*.

After he was released from detention, Petitioner, his partner, and her children moved from Texas to Portland, Oregon. Dkt. No. 4 ¶¶ 1, 5. Petitioner applied for and received work authorization, found work, and became a father to a son born in the United States in early 2025. *Id*. ¶ 5, Dkt. No. 5 ¶ 18. In October 2024, Petitioner filed an application for asylum. Dkt. No. 3-8.

When he arrived at a check-in appointment with U.S. Immigration and Customs Enforcement ("ICE") on August 18, 2025— months after his parole expired without any extension by ICE (Dkt. No. 14 ¶ 6)—an ICE officer reviewed Petitioner's records and asserted that Petitioner had 40 violations of his release conditions (missed check-ins and visits). *Id*. ¶ 7. Petitioner was then immediately detained and transferred to the Northwest ICE Processing Center. *Id*. ¶ 8. Petitioner had not been provided notice of the alleged violations before his detention and disputed their accuracy. Dkt. No. 29-1 ¶¶ 2–12. He was not permitted to speak with his attorney before or during his detention. Dkt. No. 4 ¶ 9, Dkt. No. 7.

Petitioner then filed a habeas petition along with a motion for temporary restraining order ("TRO"). Dkt. Nos. 1, 2. The Court granted Petitioner's motion for TRO and ordered the Government to immediately release Petitioner from detention. Dkt. No. 19. After considering the briefing on the habeas petition, the Court granted the habeas petition. Dkt. No. 31. This petition for an award of attorney's fees was filed thereafter. Dkt. No. 35.

## II.    ANALYSIS

### A.    Legal Standards

A party may recover fees and costs under EAJA only if (1) the party prevailed in the action, (2) the Government has failed to show that its position was not "substantially justified" and that

no special circumstances would make an award unjust, and (3) the requested fees and costs are reasonable. *See* 28 U.S.C. § 2412(b), (d); *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009). The Government bears the "burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The "position" of the Government refers to both its litigation position and the underlying agency action that gave rise to the lawsuit. *Id*. The Government must show that both its litigation position and the underlying agency action "were substantially justified in order to avoid an award of EAJA fees." *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007). "Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017) (quoting *Meier*, 727 F.3d at 870). If a plaintiff is entitled to an award, the court determines the fees to be awarded by first calculating the lodestar, which is the product of a reasonable hourly rate and a reasonable number of hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Here, there is no dispute that Petitioner is the prevailing party, and the Court therefore turns to consider the Government's arguments that its position was substantially justified and that Petitioner's requested fees are not reasonable.

**B.       The Government's Position Is Not Substantially Justified.**

The Government contends that its litigation position was substantially justified because its detention authority was unsettled at the time that this litigation arose, and it was not clear that due process required a pre-deprivation hearing for Petitioner. Dkt. No. 37 at 2–3. The Government emphasizes that the facts of this case differ from the then-leading case in this district on the issue, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025), and therefore the result of this litigation was not a foregone conclusion. *Id*.

The Government's arguments are not persuasive because in the order granting the habeas petition here, the Court relied on authority arising from courts across the country disapproving of the underlying agency action at issue here. *See* Dkt. No. 31 at 4–10. Although this precise issue may have been "unsettled in this District at the time of this litigation" (Dkt. No. 37 at 2), even at that time the overwhelming weight of district court orders in similar cases rejected the Government's view of its detention authority. *See* Dkt. No. 31 at 4–10. Neither this case nor *E.A. T.–B.* purported to announce a new rule, but applied longstanding due-process principles to a change in agency interpretation and practice that has been overwhelmingly rejected by federal courts before and since this case was resolved.

Thus, even if it could be argued that the Government's litigation position was substantially justified due to the lack of settled authority at the time, the underlying agency action was not substantially justified. In granting Petitioner's motion for TRO, the Court found that Petitioner was entitled to "an extraordinary remedy that may only be awarded upon a *clear* showing that the plaintiff is entitled to such relief" and found that all of the applicable factors weighed in favor of Petitioner. Dkt. No. 19 at 4 (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) (emphasis added)). Under these circumstances, the Court does not find that the underlying agency action was substantially justified. *See, e.g.*, *Or. Nat. Res. Council v. Madigan*, 980 F.2d 1330, 1332 (9th Cir. 1992) (finding that where a court rejects the Government's underlying action as inconsistent with "clear" authority, that action is not substantially justified).

Accordingly, the Government has failed to persuade the Court that its position was substantially justified, and has not argued that any special circumstance would make an award of fees unjust. The Court will now consider whether the fees requested by Petitioner are reasonable.

**C.      With Minor Exception, the Fees Requested Are Reasonable.**

The Government raises three objections to the fees requested by Petitioner, arguing that the case was excessively staffed, that counsel did not apply billing judgment, and that the paralegal time and rates are excessive.  Dkt. No. 37 at 4–8.

The Government has not shown that this case was excessively staffed.  Although the Government notes that eight attorneys and two support staff participated in this action, it has not shown that "the participation of ten timekeepers is excessive."  Dkt. No. 37 at 4.  Counsel achieved excellent results for their client as well as others: according to Westlaw, the orders granting the TRO motion and the habeas petition have been cited in more than 200 other cases in a matter of months.  *See Nadarajah v. Holder*, 569 F.3d 906, 924 (9th Cir. 2009) (rejecting the Government's accusation of excessive billing because the case had significant impact on the law regarding indefinite detention).  That a number of professionals worked to achieve these results does not, standing alone, demonstrate that they performed duplicative or excessive work.

Nor has the Government shown that the fees currently requested[1] reflect a lack of billing judgment.  Although the Government accuses counsel of "duplicative preparation for hearings," it has not shown that four attorneys preparing for a hearing on the TRO motion is excessive.  *See* Dkt. No. 37 at 5.  Only one attorney spoke at the hearing, but the Court has no basis to find that the time that multiple attorneys spent preparing for that hearing did not contribute to Petitioner's success there.  *See, e.g.*, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

---

[1] In the reply brief, Petitioner withdrew certain requests for compensation in light of the Government's opposition. *See* Dkt. No. 38 at 5–6.

ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S FEE PETITION - 5

The Court finds some merit, however, to the Government's challenge to the paralegal hours and rate. The maximum EAJA statutory hourly rate for attorneys is $258.46, and Petitioner requests that his non-attorney support staff Sydney Maltese and Jackie Johnson be compensated at this rate for their 4.85 total hours. *See* Dkt. No. 38-1 at 2. Maltese's time entries, however, describe clerical tasks such as scanning mail receipts and preparing a timekeeping spreadsheet. *See* Dkt. No. 38-2 at 4–5. "Under the EAJA, paralegals may not bill for purely clerical tasks." *See Victoria C. v. Kijakazi*, No.: 23-cv-01030-JLB, 2023 WL 5737788, at *3 (S.D. Cal. Sep. 5, 2023) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). The Court thus finds that it is appropriate to exclude Maltese's 2.75 hours ($710.77) for clerical tasks.

As to the appropriate rate for Johnson's time—which was not spent on clerical tasks (Dkt. No. 38-2 at 6)—the Supreme Court has explained that EAJA permits recovery of paralegal fees at prevailing market rates where market rates do not exceed the statutory maximum rate. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 579–81 (2008). Courts in this district have recently found that $225–50 is an appropriate paralegal hourly rate in this market. *See, e.g.*, *Hill v. Continuum Glob. Sols., LLC*, No. 2:12-cv-00717-JCC, 2026 WL 592270, at *3 (W.D. Wash. Mar. 3, 2026) ($250 per hour); *Human Rights Def. Ctr. v. Pacific County*, No. 3:24-cv-6068-BJR, 2025 WL 3294990, at *7 (W.D. Wash. Nov. 26, 2025) ($225 per hour); *Cymbidium Restoration Tr. v. Am. Homeowner Preservation Tr.*, No. 2:24-cv-00025-KKE, 2025 WL 2592252, at *1 (W.D. Wash. Sep. 8, 2025) ($235 per hour). Because an hourly rate of $250 does not exceed the statutory maximum for attorneys, the Court will use that rate to account for Johnson's time, compensating Johnson $525.00 for 2.1 hours, rather than the $542.77 requested. *See* Dkt. No. 38-1.

### III.   CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART Petitioner's motion.  Dkt. No. 35.  Under EAJA, Petitioner is entitled to an award of $41,837.07 in fees and costs.

Dated this 29th day of May, 2026.

Kymberly K. Evanson
United States District Judge